# CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Denise Avery-Craft

v.

Young Hee Moon Kang et al.

August 8, 2008

Case No. CL75015

BY JUDGE ROSSIE D. ALSTON, JR.

This matter came before the Court upon the Plaintiff's Motion to Set Aside Settlement and the Defendants' Motion to Enforce Settlement, which were heard on August 1, 2008. For the reasons stated below, the Court holds that the Plaintiff's motion is denied and the Defendants' motion is granted.

*Facts*

The facts of this case are undisputed. On February 11, 2006, the Plaintiff was involved in an automobile accident. On or about February 16, 2006, the Plaintiff retained Stephen T. Conrad to represent her in this case.

On February 24, 2006, and on March 2, 2006, Mr. Conrad communicated with Progressive Gulf Insurance Company ("Progressive"), the liability carrier of the Defendants, and informed Progressive that he represented the Plaintiff. On March 23, 2006, Progressive sent Mr. Conrad a letter acknowledging his representation and requesting documentation of the claim. On June 15, 2006, Mr. Conrad wrote to Progressive "to initiate settlement negotiations on behalf of my client" and he attached documentation of the claim and photographs.

On or around July 2006, Mr. Conrad settled the Plaintiff's personal injury case for the sum of $10,000. Mr. Conrad did not discuss the settlement with the Plaintiff at any time before or after accepting the settlement.

On August 9, 2006, Mr. Conrad executed the settlement check from Progressive by signing his name to the check and apparently forging the Plaintiff's name. Mr. Conrad deposited the settlement funds into his attorney escrow account. None of the funds were disbursed to the Plaintiff. Progressive sought return of an executed release in the matter but the release remained unexecuted in the Plaintiff's file.

On April 30, 2007, Mr. Conrad filed a Complaint instituting action. Mr. Conrad did not request service of the Complaint on the Defendants. Apparently in an effort to deceive the Plaintiff, Mr. Conrad fostered mock litigation until November 29, 2007, when the Virginia State Bar terminated Mr. Conrad's practice.

## Analysis

The motions before the court essentially presented two issues to the court:

(1) What is the authority, both actual and apparent, of an attorney to settle a case on behalf of his or her client?

(2) Who bears the risk of loss when a lawyer misappropriates the proceeds of a settlement of the client's case?

*I. Actual and Apparent Authority of an Attorney to Settle a Claim on Behalf of His or Her Client.*

In Virginia, an attorney does not have the authority to authorize a final settlement of his or her client's claim without the express authority of the client. *Dawson v. Hotchkiss*, 160 Va. 577, 581-82 (1933). The remedy for a client aggrieved by an unauthorized settlement may be setting aside the settlement.

When a client vests the attorney with the apparent authority to settle, however, the settlement will stand. *See Singer Sewing Machine Co. v. Ferrell*, 144 Va. 395, 404 (1926). A third party is entitled to believe the agent has the authority he purports to exercise when the third party is reasonable justified in his or her determination of apparent authority. *See, e.g., Walson v. Walson*, 37 Va. App. 208 (2001). Apparent authority is not determined by the relationship of the principal to the agent, but by how the principal holds the agent out to the third party. A third party is under no obligation to ascertain the actual

authority of an agent after ascertaining the apparent authority of an agent. *Id.* at 404. An attorney is prohibited by the Virginia Rules of Professional Conduct from directly contacting a party represented by counsel. *See* Va. R. of Prof. Conduct, Rule 4:2. Once the third party has ascertained the apparent authority of the attorney, the apparent authority is the real authority of the attorney. *Singer Sewing Mach. Co.*, 144 Va. at 404 (*quoting J. C. Lysle Milling Co. v. S. W. Holt & Co.*, 122 Va. 565, 571-72 (1918)).

The court finds that the Defendants were reasonably justified in relying on Mr. Conrad's apparent authority to settle the case. The Defendants reasonably assumed the Plaintiff gave Mr. Conrad the authority to settle his claim. First, the Plaintiff retained Mr. Conrad. Second, to the Defendants, Mr. Conrad appeared to be pursuing the case diligently. Mr. Conrad sent letters to the Defendants and represented that he was the Plaintiff's attorney. Mr. Conrad also provided documentation to the Defendants which substantiated the Plaintiff's personal injury claim. The Defendants reasonably assumed that Mr. Conrad communicated with his client and had the authority of his client to settle the case.

## II. *The Risk of Loss When a Lawyer Misappropriates the Proceeds of a Settlement of the Client's Case.*

In general, where one of two innocent parties suffers through dealings with a fraudulent third party, the law places the risk of loss on the innocent party who entrusted the fraudulent party with confidence. *See generally Moyers Coal Corp. v. Whited*, 157 Va. 302, 312-13 (1931); *Sager v. W. T. Rawleigh Co.*, 153 Va. 514, 529 (1929).

In *Johnson v. Lovos*, No. CL-2006-2713 at *1-2 (Fairfax County 2007) (unpublished), Mr. Conrad represented a plaintiff in a personal injury action arising out of a car accident. Mr. Conrad filed a Complaint in the Fairfax County Circuit Court and took steps to prosecute the action. *Id.* at *2. Prior to trial, Mr. Conrad settled the case for $5,680 with the Defendant's insurance company without his client's knowledge. *Id.* Mr. Conrad never submitted an order of dismissal to the court and a release of the claim was never returned to the Defendant. *Id.* When Mr. Conrad was arrested, his client brought a motion to set aside the settlement. *Id.* In considering the motion, Judge Roush ruled that the insurance company was reasonably justified in relying on Mr. Conrad's apparent authority to settle the case. *Id.* at *4. Judge Roush also ruled that the risk of loss was born by the party who entrusted the fraudulent party with confidence. *Id.* at *4-5.

Cases from other states are instructive on the issue of whether the client is bound by a settlement when the attorney has acted fraudulently. For example, in *Rothman v. Fillette*, 503 Pa. 259 (1983), the Supreme Court of Pennsylvania relied on the general rule, adopted in Virginia, that the person who "accredited the wrongdoer" must bear the risk of loss. *Id.* at 265. The *Rothman* court reasoned that, in the context of an attorney-client relationship, the client is the party who has "accredited" the attorney. Therefore, the court held in *Rothman* a third-party insurer does not bear the risk of loss resulting from the wrongdoing of a plaintiff's attorney.

This court is persuaded by the reasoning of the *Johnson* and *Rothman* cases. In this case, the Plaintiff "accredited" Mr. Conrad and vested him with the authority to represent her interests. The Court is not unsympathetic to the Plaintiff's resulting dilemma. It pains this Court to consider how the apparent unethical conduct of a former member of the bar reaps such a draconian result. However, the Plaintiff must unfortunately bear the risk of Mr. Conrad's apparent fraud.

## Conclusion

For the foregoing reasons, the Court holds that the Plaintiff's Motion to Set Aside Settlement is denied and the Defendants' Motion to Enforce Settlement is granted.